# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 1749 | **DATE** | 10/14/11 |
| **CASE TITLE** | \multicolumn{3}{l|}{Antonio Lee Blanchard (M-03227) v. Jody Weis} |

**DOCKET ENTRY TEXT:**

Defendants' motion to dismiss [35] is granted in part and denied in part. Jody Weis is dismissed as a Defendant. The stay imposed in this case on June 15, 2009, and lifted on July 15, 2011, is reinstated. To proceed with this case, Plaintiff must seek to lift the stay within 60 days of the date his petition for a writ of certiorari before the United States Supreme Court is no longer pending. His failure to do so will result in the dismissal of this case.

■ [**For further details see text below.**]

Docketing to mail notices.

## STATEMENT

Plaintiff Antonio Lee Blanchard, Shawnee Correctional Center inmate M-03227, filed this civil rights action pursuant to 42 U.S.C. § 1983 against former Chicago Police Superintendent Jody Weis and Detective Steve Tanaka. Plaintiff alleges the following. On February 7, 2008, he was wrongfully arrested and excessive force was used during the arrest. (Complaint at 4-5.) At the police station, Detective Tanaka told Plaintiff that he was going to be placed in a lineup. Plaintiff responded that he wanted an attorney. Tanaka replied that Plaintiff had no rights. (*Id.* at 5.) Plaintiff was placed in a lineup and subsequently charged with two armed robberies. (*Id.*) Plaintiff's complaint seeks to assert denial of his Sixth Amendment right to counsel, excessive force, denial of medical attention, and false arrest. (*Id.*)

On June 15, 2009, after Defendants Weis and Tanaka were served and entered an appearance, the court granted their motion to stay this case while Plaintiff's criminal case was pending on appeal. (Doc. # 16.) On July 15, 2011, following the state appellate court's ruling on Plaintiff's appeal and the Illinois Supreme Court's denial of his petition for leave to appeal, this court lifted the stay. (Doc. # 29.) In August 2011, the Defendants filed a motion to dismiss. (Doc. # 35.) Plaintiff has responded. (Doc. # 37.) Plaintiff states in his response that he filed a petition for a writ of certiorari with the United States Supreme Court. A search on the Supreme Court's website confirms that a petition has been filed, and that the case has been distributed for the Court's October 28, 2011, conference.

For the following reasons, the court grants in part the motion to dismiss and dismisses Weis. The motion is otherwise denied. The stay of this case imposed on June 15, 2009, is reinstated and shall remain in effect pending resolution of Plaintiff's petition before the United States Supreme Court.

Plaintiff's complaint names two defendants, Chicago Police Superintendent Jody Weis and Detective Tanaka. As the court noted in its preliminary review order, Plaintiff stated no claims against Weis and he was kept as a Defendant only to help identify unknown officers and assist with service issues. (Doc. # 5.) Given that Tanaka has been served, an attorney has entered an appearance on his behalf, and Weis is no longer Chicago's Superintendent, Weis is not needed for this suit. Tanaka and his attorney can provide the same assistance that would have been provided by Weis. Plaintiff having stated no claims against Weis, he is dismissed as a Defendant.
**(CONTINUED)**

isk

| STATEMENT (continued) |
|---|

      With respect to Tanaka, Plaintiff alleges that Tanaka refused Plaintiff's request for an attorney prior to participating in a lineup at the police station and possibly that Tanaka denied Plaintiff's pleas for medical attention at the station. (Complaint at 5.) With respect to the alleged denial of the right to counsel for Plaintiff's lineup, the victim's identification of Plaintiff was an issue in the appeal before the state appellate court, (*see* Doc. #35-1), and may be an issue in the petition for a writ of certiorari before the Supreme Court. Accordingly, this court will not address this issue while Plaintiff's direct review of his criminal case is pending. *Simpson v. Rowan*, 73 F.3d 134, 137-38 (7th Cir. 1995) (federal court should abstain from addressing the merits of a civil suit that involves issues concerning a criminal case that is pending on appeal), citing *Younger v. Harris*, 401 U.S. 37 (1971). Accordingly, the stay previously imposed but then lifted is reinstated.

      To proceed with this case, Plaintiff must seek to lift the stay. He is given 60 days from the date his petition is no longer pending to file a motion to lift the stay. His failure to do so will result in the dismissal of this case. Defendant Tanaka may resubmit his motion to dismiss if and when the stay is lifted.