# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 1749 | **DATE** | March 27, 2013 |
| **CASE TITLE** | Antonio Lee Blanchard (M-03227) vs. Jody Weis | | |

**DOCKET ENTRY TEXT**

Plaintiff is directed to submit a pleading that: (1) shows cause why this case should not be dismissed for his failure to inform this court of the conclusion of his petition for a writ of certiorari to the Supreme Court; and (2) states when he became aware of the names of the newly added Defendants in the amended complaint and whether he had access to such information prior to the imposition of the stay in this case. Plaintiff is given 30 days to comply with this order. His failure to comply will result in dismissal of this case.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

    Plaintiff Antonio Lee Blanchard, Shawnee Correctional Center inmate M-03227, initiated this 42 U.S.C. § 1983 civil rights suit in March 2009. Naming former Chicago Police Superintendent Jody Weis and Chicago Detective Steve Tanaka as Defendants, Plaintiff alleged the following: on February 7, 2008, excessive force was used during his arrest; he was taken to a police station, where he met Detective Tanaka who told Plaintiff that he was going to participate in a lineup; Plaintiff requested an attorney, which Tanaka refused; Plaintiff was denied medical attention for the injuries he suffered during the arrest; Plaintiff was later charged with two armed robberies. (Compl. at 4-5.) Plaintiff asserted claims of excessive force; denial of medical attention; denial of his right to an attorney; and that he was "falsely accused." (*Id.* at 5-6.) Plaintiff did not include as Defendants the arresting officers (either by name or by referring to them as John Does); however, he stated that he was seeking a copy of the police report to obtain their names. (*Id.* at 4.)

    On April 3, 2009, the court allowed the complaint to proceed against both Tanaka and Weis. The court determined that Plaintiff had stated a claim against Tanaka and that Weis should remain a Defendant to assist with identifying the arresting officers. *See* Doc. 5. The court stated that Plaintiff could seek to learn the arresting officers' names from counsel for Defendants, once one entered an appearance, and further advised that failure to attempt to learn their names would result in dismissal of claims against them and that the statute of limitations for § 1983 claims in Illinois is two years. *Id.*

    In June 2009, Defendants Weis and Tanaka filed a motion to stay this case. They informed that, on January 26, 2009, Plaintiff was convicted of two counts of armed robbery, sentenced to 40 years' imprisonment, and that his appeal was pending before the Illinois Appellate Court. Doc. #13. Because of the potential friction between this case and Plaintiff's criminal proceedings, the court stayed this case. Doc. #16, Order of June 15, 2009. At that time, the stay was to continue during the pendency of Plaintiff's direct appeal in the state appellate court. *Id.*

    On July 15, 2011, upon the parties advising that the state appellate proceedings had concluded, this court lifted the stay, allowed Defendants to depose Plaintiff, and directed Defendants to respond to Plaintiff's discovery requests. Doc. #29. On August 26, 2011, Defendants filed a motion to dismiss, contending: (1) Plaintiff's claims of being "falsely accused" and denied an attorney for his lineup were barred by *Heck v. Humphrey*, 512 U.S. 477,

# STATEMENT

486 (1994) (a court cannot address a claim in a § 1983 proceeding if the success of the claim would necessarily call into question the validity of a conviction, unless the conviction has already been invalidated), (2) Plaintiff stated that he was denied medical attention but did not state how either Defendant was involved, and (3) Plaintiff stated no claims against Superintendent Weis. Doc. #35.

Plaintiff responded that he was still challenging his conviction on direct appeal, as his petition for a writ of certiorari was pending in the United States Supreme Court. Doc. #38. This court granted the motion to dismiss as to Weis, given that it was clear Plaintiff stated no claims against him and any discovery needed to identify unknown officers could be propounded on Defendant Tanaka. Doc. #40, Order of October 14, 2011. This court also continued the stay until the Supreme Court ruled on the petition for a writ of certiorari. The court instructed Plaintiff to seek to lift the stay within 60 days after his petition was no longer pending before the Supreme Court, and warned that failure to do so would result in dismissal. *Id.*

On December 18, 2012, having received no pleadings from the parties in 2012, the court directed that each party submit a status report. Doc. #45. Defendant Tanaka informed this court that the Supreme Court denied plaintiff's petition for certiorari on October 14, 2011. Doc. #47. Plaintiff informed the court that a supplement to his post-conviction proceeding had recently been filed in the state trial court. Doc. #45.

Plaintiff then filed a motion to submit an amended complaint along with an amended complaint that names Tanaka, as well as the arresting and other officers as Defendants. Docs. #49, 50.

Although Plaintiff has not sought to lift the stay, his current pleadings seeking to resume litigation of this case clearly demonstrate his desire for the stay to be lifted. Before this court can do so, Plaintiff must show cause why this case should not be dismissed for his failure to notify the court of the conclusion of his petition for a writ of certiorari before the Supreme Court as directed by this court's October 14, 2011, order. The court acknowledges that Plaintiff informed the court that he was in segregation until May 6, 2012. *See* Docs. ##42, 43; however, the court received no filings from that time until the court requested information in December 2012. Plaintiff is given 30 days from the date of this order to show cause why he was unable to seek to lift the stay within 60 days of the conclusion of his petition for a writ of certiorari before the Supreme Court.

Additionally, as to the amended complaint, Plaintiff should state when he became aware of the names of the newly added officers and whether he had access to such information prior to the imposition of the stay in this case. The stay in this case may have tolled the two-year limitations period for § 1983 claims in Illinois. *See* 735 ILCS 5/13-216 ("When the commencement of an action is stayed by injunction, order of a court, or statutory prohibition, the time of the continuance of the injunction or prohibition is not part of the time limited for the commencement of the action."); *Johnson v. Rivera*, 272 F.3d 519, 521 (7th Cir. 2001); *Doe v. Bobbitt*, 698 F. Supp. 1415 (N.D. Ill. 1988) (stay of a case affected the limitations period for a defendant whose identity could not have been known without conducting discovery; however, the limitations period was not tolled for defendants whose identities were known while the case was stayed). Before Plaintiff filed this case in 2009, his state criminal case had already concluded in the state trial court and was pending on direct appeal. It is unclear why he could not have named the new Defendants earlier.

Accordingly, Plaintiff is directed to submit a pleading that: (1) shows cause why this case should not be dismissed for his failure to inform this court of the conclusion of his petition for a writ of certiorari to the Supreme Court; and (2) states when he became aware of the names of the newly added Defendants in the amended complaint and whether he had access to such information prior to the imposition of the stay in this case. Plaintiff is given 30 days to comply with this order. His failure to comply will result in dismissal of this case.