# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 1749 | **DATE** | June 24, 2013 |
| **CASE TITLE** | Antonio Lee Blanchard (M-03227) vs. Jody Weis | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion to submit an amended complaint [49] is granted. Plaintiff may proceed with his amended complaint [50], except for his claims of Fifth Amendment and Sixth Amendment violations. The clerk shall issue summonses for Chicago Police Officers Jose Hernandez (#16811), Hector Agosto (#6966), Bradley Loduca (#11172), Edgar Rodriguez (#14576), Michael Haddad (#6937), Valente Lara (#13954), Jennifer Zaidan (#8171), Melyssa Millan (#12077), and Sergeant William Grassi (#1509). Detective Tanaka, who has been served with the original complaint, is directed to respond to the amended complaint within 30 days of the date of this order. Former Superintendent Jody Weis is dismissed for the same reasons stated in the Court's 10/14/11 order. The stay imposed by the Court in the 10/14/11 order is lifted. Plaintiff's Sixth Amendment and Fifth Amendment claims are dismissed without prejudice. Plaintiff's motion for representation by counsel [51] is denied without prejudice.

■[ For further details see text below.]   Docketing to mail notices.

# STATEMENT

This case began in March 2009. At that time, Plaintiff Antonio Lee Blanchard, an inmate incarcerated at Shawnee Correctional Center, named as Defendants former Chicago Police Superintendent Jody Weis and Detective Steve Tanaka. Plaintiff alleged that, on February 7, 2008, excessive force was used during his arrest by unknown Chicago officers, he was falsely accused of robbery, Detective Tanaka denied Plaintiff's request for an attorney at the police station and forced him to participate in a lineup, and Tanaka did not obtain medical attention for Plaintiff's injuries.

On June 9, 2009, the Court granted Defendants' motion to stay this case while Plaintiff's criminal case was pending on direct appeal before the state appellate court. On July 15, 2011, the Court lifted the stay upon being informed of the conclusion of Plaintiff's direct appeal and petition for leave to appeal in the Illinois Supreme Court. On October 14, 2011, however, the Court reinstated the stay while Plaintiff's petition for a writ of certiorari was pending in the United States Supreme Court. The Court also dismissed Jody Weis as a Defendant, as Plaintiff stated no claims against him. The Supreme Court denied Plaintiff's petition on October 31, 2011; however, the parties did not inform this Court of that ruling until January 2013, when they responded to the Court's request for a status of Plaintiff's criminal case. The stay reimposed on October 14, 2011, is still in effect.

Currently before this Court is Plaintiff's motion to file an amended complaint. He again lists Detective Steve Tanaka and former Superintendent Jody Weis as Defendants, as well as nine Chicago officers who allegedly used excessive force during the February 7, 2008, arrest or who watched without intervening. As to Tanaka, Plaintiff alleges that he refused to obtain medical attention for the injuries resulting from the excessive force, that he refused Plaintiff's request for an attorney and forced Plaintiff to participate in a lineup, and that he never gave Plaintiff *Miranda* warnings. With respect to Weis, Plaintiff again names him as Defendant yet states no claims against him. Plaintiff no longer states that he was falsely accused

**STATEMENT**

Although the amended complaint's naming of the arresting officers comes five years after the February 2008 arrest (the limitations period for a 42 U.S.C. § 1983 claim in Illinois is two years), it appears that the stay imposed and reimposed in this case tolled the limitations period. *See* 735 ILCS 5/13-216 ("When the commencement of an action is stayed by injunction, order of a court, or statutory prohibition, the time of the continuance of the injunction or prohibition is not part of the time limited for the commencement of the action."); *Johnson v. Rivera*, 272 F.3d 519, 521 (7th Cir. 2001) (citing section 13-216 and noting that, in addition to borrowing a state's limitations period for a claim under § 1983, which itself has no limitations period, a court must also follow a state's tolling provisions). Thus, though adding Defendants five years after Plaintiff's claims arose and four years after he initiated this suit is troubling and may pose problems with the claims proceeding against the new Defendants, this Court cannot say that an affirmative defense is obvious from the face of the amended complaint. *See Walker v. Thompson*, 288 F.3d 1005, 1010 (7th Cir. 2002) (an affirmative defense may be grounds for dismissal of a claim on initial review only if the affirmative defense is plain from the face of the complaint).

The Court having conducted a preliminary review of the complaint in accordance with 28 U.S.C. § 1915A, Plaintiff states claims against the Chicago police officers who allegedly either used excessive force during the February 7, 2008, arrest or who watched but did not intervene. *Sanchez v. City of Chicago*, 700 F.3d 919, 926 (7th Cir. 2012); *Gonzalez v. City of Elgin,* 578 F.3d 526, 539 (7th Cir. 2009); *Miller v. Smith*, 220 F.3d 491 (7th Cir. 2000) (cases addressing the elements for claims of excessive force and failure to intervene).

Plaintiff also states claims against Detective Tanaka. *See Ortiz v. City of Chicago*, 656 F.3d 523, 530 (7th Cir. 2011) (addressing the elements of a Fourth Amendment claim that an officer's response to an arrestee's serious medical needs was unreasonable); *see also U.S. v. Larkin*, 978 F.2d 964, 969 (7th Cir. 1992); *Hall v. Lane*, 804 F.2d 79, 81–83 (7th Cir. 1986) (though the Sixth Amendment right to counsel usually does not exist for pre-indictment lineups, it may attach at such an early stage if the Government crossed the line from investigation to accusation).

Plaintiff's Sixth Amendment claim, however, cannot proceed at this time. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (a convicted person cannot proceed with a § 1983 claim, the success of which would necessarily call into question the validity of his conviction, until the conviction has been reversed, expunged, or invalidated by some other means). Although a lineup identification performed in violation of the Sixth Amendment does not necessarily invalidate a conviction, *see U.S. v. West*, 628 F.3d 425, 428-30 (7th Cir. 2010), citing *United States v. Wade*, 388 U.S. 218, 240 (1967), it is clear in this case that Plaintiff's Sixth Amendment claim is part of his challenge to the sufficiency of the evidence of his conviction. Plaintiff's claim of insufficient evidence on direct appeal relied almost entirely on his challenge of the victim's identification of Plaintiff, which included a challenge to the lineup. Doc. #35-1, *People v. Blanchard*, No. 1-09-0753 at 6-8 (Ill. App. Ct. Dec. 28, 2010). Additionally, in response to Defendants' motion for a stay, Plaintiff (though contending that his conviction would not be affected by this case) stated he was placed in a lineup without an attorney "and was never identified as the suspect that committed said criminal act [and that] transcripts from criminal case will support this claim[]." Doc. # 17. Plaintiff cannot seek § 1983 damages for a Sixth Amendment claim, the success of which would undermine the evidence of his identification. He must first succeed with invalidating his conviction either in his state post-conviction proceedings, in this Court through a petition for habeas corpus relief, or by some other means. Accordingly, this claim is dismissed without prejudice, and Plaintiff may raise it if and when his conviction is invalidated.

Plaintiff's allegation that he was not advised of his rights in accordance with *Miranda v. Arizona*, 384 U.S. 436 (1966), which he states for the first time in his 2013 amended complaint, fails to state a claim. First, it is unclear whether he seeks to bring a claim of a Fifth Amendment violation. He asserts that he was never read his rights but does not indicate that he made any incriminating statements. It appears that his assertion about no *Miranda* warnings is part of his claim that he was denied his Sixth Amendment right to counsel with the lineup. *See* Doc. #50, Amended Compl. at 5. Second, even if he does seek to bring a Fifth Amendment claim, a *Miranda*

| STATEMENT |
|---|

violation gives rise to a § 1983 claim for damages only if evidence obtained from the violation was used in a criminal proceeding. *Aleman v. Village of Hanover Park*, 662 F.3d 897, 905-906 (7th Cir. 2011). Neither Plaintiff's complaints nor the state appellate court's detailed recitation of the facts of the criminal case indicate that any incriminating statements resulting from a *Miranda* violation were used in his criminal case. *See* Docs. #1, 35-1, and 50. Thus, to the extent Plaintiff seeks to bring a Fifth Amendment claim that he was never given *Miranda* warnings, the claim is dismissed.

As to former Chicago Police Superintendent Jody Weis, Plaintiff again states no claims against Weis, and he is dismissed for the reasons stated in the Court's October 14, 2011, order.

In conclusion, for the reasons stated above, Plaintiff may proceed with his claims that officers used excessive force during the February 7, 2008, arrest; that other officers witnessed the excessive force but failed to intervene; and that Detective Tanaka refused to obtain medical attention for Plaintiff's injuries resulting from the excessive force. All other claims are dismissed. Plaintiff may have post-conviction proceedings pending in state court; however, no friction should exist with this Court addressing his claims of excessive force and an unreasonable response to his resulting injuries, given that these issues have no bearing on his armed robbery conviction. *See Simpson v. Rowan*, 73 F.3d 134, 139 (7th Cir. 1995) (a federal court should abstain from addressing federal claims which would result in federal-state friction with claims pending in state court). Accordingly, the stay is lifted.

The clerk shall issue summons for service of the amended complaint on Chicago Police Officers Jose Hernandez (#16811), Hector Agosto (#6966), Bradley Loduca (#11172), Edgar Rodriguez (#14576), Michael Haddad (#6937), Valente Lara (#13954), Jennifer Zaidan (#8171), Melyssa Millan (#12077), and Sergeant William Grassi (#1509). If the Marshal needs Plaintiff to complete service forms in order for the Marshal to effectuate service, the Marshal shall send Plaintiff those forms. Plaintiff's failure to return forms to the Marshal will result in the dismissal of Defendants. The U.S. Marshal is directed to make all reasonable efforts to serve Defendants. With respect to any former employee no longer at the work address provided by Plaintiff, Chicago Police Department officials shall furnish the Marshal with the Defendant's last known address. The information shall be used only for purposes of effectuating service, or to show proof of service should a dispute arise, and shall neither be kept in the Court's file nor released by the Marshal. The Marshal is authorized to mail a request for waiver of service to each Defendant in the manner prescribed by Fed. R. Civ. P. 4(d)(2). If a waiver of service is not obtained, the Marshal shall then attempt personal service.

Detective Tanaka, who has been served with the original complaint, is directed to respond to the amended complaint within 30 days of the date of this order.

Plaintiff'S motion for representation by counsel is denied without prejudice. The issues of this case have now been narrowed to claims of excessive force and an unreasonable response to his resulting injuries. Furthermore, Plaintiff has demonstrated by his pleadings that he is competent and capable of representing himself at this stage of this case. *See Pruitt v. Mote*, 503 F.3d 647, 656-59 (7th Cir. 2007).